Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Lead Plaintiff Movant Greg Naj*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| In Re Wrap Technologies, Inc. Securities Exchange Act Litigation, | Case No. CV 20-8760-DMG (PVCx) |
| | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GREG NAJ FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |

Lead Plaintiff Movant Greg Naj ("Movant") respectfully submits this memorandum of law in support of his motion to appoint Movant as Lead Plaintiff and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, on behalf of a putative class (the "Class") of all persons other than the defendants who purchased or otherwise acquired Wrap Technologies, Inc. ("Wrap" or the "Company") securities between April 29, 2020 and September 23, 2020, inclusive ("Class Period").

## I.      PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff. This motion is made on the grounds that Movant is the "most adequate plaintiff" as defined by the PSLRA.

Movant has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movant respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Movant's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Wrap is a security technology company whose sole product is the BolaWrap, a remote restraint device. In December 2019, the Company announced that the Los Angeles Police Department ("LAPD") would train its officers on the BolaWrap and deploy 200 devices in the field for a 90-day pilot program beginning in January 2020.

On July 22, 2020, White Diamond Research published a report alleging that the BolaWrap had limited use in the field and therefore Wrap has a very small total addressable market. The report also alleged that it was likely Wrap did not secure a contract with the LAPD.

On this news, the Company's share price fell $0.55, or 4.6%, to close at $11.34 per share on July 22, 2020, on unusually heavy trading volume.

On August 25, 2020, after the market closed, a *Los Angeles Times* article reported that "[s]ince the initial 180-pilot began in February, LAPD officers have used the BolaWrap a total of nine times[, and it] was deemed 'effective' in six instances." As a result, the LAPD sought a 180-day extension to continue evaluating the device.

On this news, the Company's share price fell $0.50, or 5.7%, to close at $8.27 per share on August 27, 2020, on unusually heavy trading volume.

On September 23, 2020, White Diamond Research published a second report, alleging that, despite previously touting the LAPD pilot program, Wrap failed to disclose the key findings from the initial 180-day testing period because it was "bad news." The report described the nine incidents in which the BolaWrap had been used, thereby highlighting its limited utility.

---

[1] This section has been adapted from the complaints filed in the member cases of the above-captioned consolidated action.

On this news, the Company's share price fell $2.07, or 25.43%, to close at $6.07 per share on September 23, 2020, on unusually heavy trading volume.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that there were limited instances in which Wrap's BolaWrap could potentially be used because it requires a minimum of 10 feet between the officer and the suspect; (2) that, as a result, the BolaWrap was reasonably unlikely to be effective in most situations; (3) that the LAPD sought extensions of the pilot program because they needed a larger sample size to assess the effectiveness of the BolaWrap; (4) that the LAPD had not found the BolaWrap to be useful or effective during its pilot program; (5) that the Company had concealed the results of the LAPD BolaWrap pilot program, which demonstrated that the BolaWrap was ineffective, expensive, and sparingly used in the field; (6) that, as a result, Wrap had not received positive feedback from the LAPD about the BolaWrap and therefore it was unlikely that the Company would secure a sizeable contract with the LAPD; and (7) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## III.   PROCEDURAL HISTORY

On September 23, 2020, plaintiff Carone Cobden commenced a class action lawsuit against Wrap and certain of its officers, captioned *Cobden v. Wrap Technologies, Inc., et al.*, Case No. CV 20-8760 (the "*Cobden* Action"). The *Cobden* Action is brought on behalf of persons who purchased Wrap securities between July 31, 2020 and September 23, 2020, inclusive.

On October 1, 2020, plaintiff Joseph Mercurio commenced a substantially similar action in this District against the same defendants as the *Cobden* Action, captioned *Mercurio v. Wrap Technologies, Inc., et al.*, Case No. CV 20-9030 (the

"*Mercurio* Action"). The *Mercurio* Action is also brought on behalf of persons and entities that purchased or otherwise acquired Wrap securities between July 31, 2020 and September 23, 2020, inclusive.

On October 15, 2020, plaintiff Paula Earley commenced a substantially similar action in this District against Wrap and certain of its officers, captioned *Earley v. Wrap Technologies, Inc., et al.*, Case No. CV 20-9444 (the "*Earley* Action," and together with the *Cobden* and *Mercurio* Actions, the "Related Actions"). The *Earley* Action is brought on behalf of persons and entities that purchased or otherwise acquired Wrap securities between April 29, 2020 and September 23, 2020, inclusive.

On November 3, 2020, the Court consolidated the Related Actions under the caption *In re Wrap Technologies, Inc. Securities Exchange Act Litigation*, Case No. CV 20-8760-DMG (PVCx). *See* Dkt. No. 19.

## IV.   ARGUMENT

### A.   Movant Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

---

MEMORANDUM OF LAW

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Movant has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Movant, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23, and is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.    Movant's Motion Is Timely

On September 24, 2020, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, Movant had sixty days or until November 23, 2020, to file a motion to be appointed as Lead Plaintiff. As a purchaser of Wrap securities during the Class Period, Movant is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint and is willing to serve as representatives of the class. Linehan Decl., Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

**2.    Movant Has The Largest Financial Interest In The Relief Sought By The Class**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Movant purchased Wrap securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linehan Decl., Ex. C. To the best of his knowledge, Movant is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Movant believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

**3.    Movant Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh,* 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

---

MEMORANDUM OF LAW

6

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus . . . " and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a) Movant's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant purchased Wrap securities during the Class Period and suffered losses as a result of his transactions. Like all members of the Class, Movant alleges that defendants violated federal securities laws by disseminating materially misleading statements concerning Wrap's operations and financial prospects. Movant's losses, like the losses suffered by all other members of

---

MEMORANDUM OF LAW

the Class, arise from the artificial inflation of Wrap securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Movant's interests and claims are typical of the interests and claims of the Class.

### b)    Movant Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.,* No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, Movant easily satisfies the adequacy requirements. Movant's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Movant is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Mr. Naj is an entrepreneur who resides in Plymouth County, Massachusetts. He has a degree in business and has been managing his own portfolio for approximately 3 years.  In addition, Movant is not aware of any conflict between his claims and those asserted on behalf of the Class.

### B.    The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek,*

---

2004 WL 5574358, at *7. The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)). Here, Movant has retained GPM to pursue this litigation on their behalf and will retain the firms as Lead Counsel in the event Movant is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit D, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movant's selection of counsel.

## V.   CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order: (1) appointing Greg Naj as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED:  November 23, 2020     Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Charles H. Linehan*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Greg Naj and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz (SBN 216587)
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
Email: fcruz@frankcruzlaw.com

*Additional Counsel*

MEMORANDUM OF LAW

10

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case, and am over eighteen years old. On November 23, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 23, 2020, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan