Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Plaintiff and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Wrap Technologies, Inc. Securities Exchange Act Litigation | No. 2:20-cv-08760-DMG (PVCx) |
| | **OPPOSITION OF TIMOTHY O'HERN TO COMPETING LEAD PLAINTIFF MOTION** |
| | <u>CLASS ACTION</u> |
| | Judge: Hon. Dolly M. Gee<br>Hearing Date: January 8, 2021<br>Time: 9:30 a.m.<br>Ctrm:  8C – First Street Courthouse |

Timothy O'Hern ("Movant" or "Mr. O'Hern") respectfully submits this memorandum in opposition to competing lead plaintiff motion.

## I.    INTRODUCTION

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") courts are to appoint as lead plaintiff the person or group of persons with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In*

1

*re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); 15 U.S.C. §78u-4(a)(3)(B).

Mr. O'Hern has triggered the PSLRA's "most adequate plaintiff" presumption. First, Mr. O'Hern has the largest financial interest in this litigation as he has the largest losses of all the movants:

| Movant | Losses |
|---|---|
| 1. Timothy O'Hern | 1. $44,276.43 |
| 2. Anthony Evans | 2. $38,322.38 |
| 3. Greg Naj | 3. $38,291.98 |
| 4. Douglas Paul | 4. $12,950.14 |
| 5. Maritza Jimenez and Joseph Mercurio | 5. $4,148.00 |

On December 3, 2020, Anthony Evans filed a Notice of Non-Opposition, acknowledging that Mr. O'Hern has the largest financial interest. (dkt. #43). On December 18, 2020, Maritza Jimenez and Joseph Mercurio filed a Notice of Non-Opposition, acknowledging that Mr. O'Hern has the largest financial interest. (dkt. #46). Also on December 18, 2020, Douglas Paul filed a Notice of Non-Opposition, acknowledging that Mr. O'Hern has the largest financial interest. (dkt. #47).

Second, as set forth in Mr. O'Hern's opening papers, he has made a *prima facie* showing of adequacy and typicality under Rule 23. (dkt. #24, at 6-7).

Finally, the presumption that Mr. O'Hern is the "most adequate plaintiff" — *i.e.* the presumptive lead plaintiff — "may be rebutted only upon proof." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

2

Because competing movants can offer no proof to rebut the presumption in favor of Mr. O'Hern, the Court should grant Movant's motion in its entirety and deny the competing Lead Plaintiff Motion.

## ARGUMENT

## II.    MR. O'HERN SHOULD BE APPOINTED LEAD PLAINTIFF

The Ninth Circuit has explained that the PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *Cavanaugh*, 306 F.3d at 729. After determining that notice of the action is appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.*, at 730 (emphasis in original). Importantly, "a straightforward application of the statutory scheme … provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id.*, at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.*

Utilizing this simple process confirms that Mr. O'Hern is the presumptive lead plaintiff and the Court should grant Movant's motion.

Mr. O'Hern has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Movant has the largest losses of any movants before the Court. Therefore, Mr. O'Hern has the largest financial interest.

3

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *Cendant*, 264 F.3d at 263 ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

Like all purported class members, Mr. O'Hern alleges that Defendants violated the Securities Exchange Act of 1934 by publicly disseminating false and misleading statements about Wrap Technologies, Inc.'s ("Wrap") business. Mr. O'Hern purchased Wrap securities at artificially inflated prices and was damaged thereby. These claims are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class' claims. Thus, Movant satisfies the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999). Mr. O'Hern has demonstrated his adequacy as class representative by submitting a sworn certification affirming to his willingness to serve as, and carry out the responsibilities of, class representative (dkt. #25-2). Based on his financial interest in the litigation and satisfaction of the Rule 23 requirements at this stage, Mr. O'Hern has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Importantly, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to

4

"engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Indeed, that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

## III.    MR.  O'HERN'S  SELECTION  OF  COUNSEL  SHOULD  BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of lead plaintiff.").

Here, Mr. O'Hern selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. As demonstrated in its opening papers (dkt. #24, at 7-8), Rosen Law has the resources and expertise to litigate this action efficiently and aggressively. As such, the Court should grant Movant's selection of Rosen Law as Lead Counsel.

## IV.    COMPETING MOTION SHOULD BE DENIED

The competing motion should be denied as Mr. O'Hern has the largest financial interest in the litigation and should therefore be appointed lead plaintiff without further analyses.  That said some facts bear noting.

Competing movant Greg Naj ("Naj")—the movant with the third largest loss—submitted an incorrect sworn certification and motion papers.  While all of Mr. Naj's motion papers (dkt. #28, 29, 31, 32) identify himself as Greg Naj

5

including the printed parts of Mr. Naj's PSLRA certification (dkt. #31-2), the certification appears to be signed "Gregory Najjar." (dkt. #31-2, at 2). Whether this competing movant is actually "Greg Naj" or "Gregory Najjar" raises serious questions about Mr. Naj/Najjar's diligence and ability to oversee this litigation given the obvious discrepancies throughout his papers. Courts have held that errors in certifications and other motion papers can render a movant inadequate under Rule 23's adequacy requirement. *See Nager v. Websecure, Inc.*, No. 97-10662-GAO, 1997 WL 773717, at *2 n.1 (D. Mass. Nov. 26, 1997) ("The inaccuracy [in movant's affidavit] may be explainable, but it casts sufficient doubt on [movant]'s adequacy as a representative plaintiff [. . .]."); *Micholle v. Ophthotech Corporation*, No. 17-cv-210 (VSB), 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) ("The errors in his submissions, however, militate against appointment and render him inadequate to serve as lead plaintiff under Rule 23's adequacy requirement.") The errors in Mr. Naj's papers similarly cast doubt on Naj's adequacy under Rule 23. Therefore, Naj should be disqualified from consideration.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully request that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) denying competing Lead Plaintiff Motion.


Dated:   December 18, 2020        Respectfully submitted,

                                  **THE ROSEN LAW FIRM, P.A.**
                                   /s/ Laurence M. Rosen
                                  Laurence M. Rosen, Esq. (SBN 219683)
                                  355 South Grand Avenue, Suite 2450
                                  Los Angeles, CA 90071
                                  Telephone: (213) 785-2610

OPPOSITION OF TIMOTHY O'HERN TO COMPETING LEAD PLAINTIFF MOTION — 2:20-cv-08760-DMG (PVCx)

Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for
Plaintiff and the Class*

OPPOSITION OF TIMOTHY O'HERN TO COMPETING LEAD PLAINTIFF MOTION —
2:20-cv-08760-DMG (PVCx)

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On December 18, 2020, I electronically filed the following **OPPOSITION OF TIOMTHY O'HERN TO COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on December 18, 2020.

/s/ Laurence M. Rosen
Laurence M. Rosen

8

OPPOSITION OF TIMOTHY O'HERN TO COMPETING LEAD PLAINTIFF MOTION — 2:20-cv-08760-DMG (PVCx)