Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
  clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
  prajesh@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Lead Plaintiff*
*Movant Greg Naj*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| In Re Wrap Technologies, Inc. Securities Exchange Act Litigation, | Case No. CV 20-8760-DMG (PVCx) |
| | **GREG NAJ'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL** |
| | Date:    January 8, 2021 |
| | Time:    9:30 a.m. |
| | Crtrm.:  8C - 8th Floor |
| | Judge:  Dolly M. Gee |

NAJ'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

Lead Plaintiff Movant Greg Naj ("Naj")[1] respectfully submits this memorandum of law in opposition to the four competing motions for appointment of lead plaintiff and approval of lead counsel (Dkt. Nos. 23, 27, 33, 36).

## I.    INTRODUCTION

Five movants (including one movant group) filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Naj (Dkt. No. 28); Anthony Evans ("Evans") (Dkt. No. 33); Timothy O'Hern ("O'Hern") (Dkt. No. 23); Douglas Paul ("Paul") (Dkt. No 27); and Maritza Jimenez and Joseph Mercurio (the "Wrap Investor Group") (Dkt. No. 36). Three of these five movants—Evans, Paul, and the Wrap Investor Group—have since filed notices informing the Court that they do not oppose the competing motions. *See* Dkt. Nos. 43, 46, 47.

With respect to the lead plaintiff determination, the question presently before the Court is which of these movants is the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Naj has the largest financial interest in the relief sought by the class. Courts widely accept the four-factor *Olsten-Lax* test to determine financial interest, which weighs: (1) the gross number of shares purchased during the class period; (2)

---

[1] Lead Plaintiff Movant's legal name is "Gregory Najjar," but he prefers to be referred to as "Greg Naj," which is the name he uses in his personal and professional dealings.

the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Here, Naj has the largest financial interest as measured by (at least) three of the four factors: gross shares purchased, net shares purchased, and net funds expended. Moreover, depending on which loss calculation methodology the Court applies, Naj has the largest financial interest under the fourth factor as well. However, even if the Court determined that Naj does not have the largest "loss," Naj would still have the largest financial interest because he prevails on three of the four *Olsten-Lax* factors.  As such, Naj is the presumptively most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Naj is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Naj should be appointed lead plaintiff, and his selection of lead counsel should be approved.[2]

## II.    ARGUMENT

### A.    The PSLRA Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA mandates that the Court appoint "the most adequate plaintiff" to be lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").[3]

---

[2] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

[3] All internal citations, quotation marks, and brackets are omitted throughout this memorandum unless otherwise noted.

NAJ'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

2

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## B.     Naj Is the Presumptively Most Adequate Plaintiff

Naj satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Naj filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 28; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, Naj satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 29; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, Naj has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 1.     Courts Apply the *Olsten-Lax* Factors to Determine Financial Interest

Since the PSLRA does not mandate any particular methodology for determining which movant has the largest financial interest in the relief sought by the class, district courts are free to choose any methodology that is "both rational and consistently applied." *See Cavanaugh*, 306 F.3d at 730 n.4. Courts in this Circuit, however, overwhelmingly rely on the four-factor *Olsten-Lax* (or sometimes just "*Olsten*") test to determine financial interest, which weighs: (1) the gross number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See, e.g., Waterford Twp. Police v. Mattel, Inc.*, No. 17-cv-04732, 2017 WL 10667732, at *5 (C.D. Cal. Sept. 29, 2017).[4]

---

[4] *See also Robb v. Fitbit Inc.*, No. 16-cv-00151, 2016 WL 2654351, at *3 (N.D. Cal. May 10, 2016) (same); *Banerjee v. Avinger, Inc.*, No. 17-cv-03400, 2017 WL 4552063, at *2 (N.D. Cal. Oct. 11, 2017) ("In determining which candidate has the largest financial interest, courts consider [the *Olsten* factors]."); *Arciaga v. Barrett* (footnote continued)

While there is agreement on the use of the four-factor test, there is disagreement amongst courts regarding which of the four factors is the most determinative of financial interest. Some courts hold the second factor (net shares purchased) to be the most important,[5] others consider the fourth factor (financial loss) to be the most important.[6] However, regardless of which factor is given the most weight under the four-factor test, Naj has the largest financial interest.

### 2. Different Movants Have the Largest Loss Depending on Which Methodology Is Used to Calculate Loss, but Naj Has the Largest Financial Interest Under the Four-Factor Test

There are multiple ways that courts in this Circuit have calculated "loss." These include the last-in-first-out ("LIFO") methodology, the first-in-first-out ("FIFO") methodology, and the *Dura* methodology. *See Marjanian v. Allied Nevada Gold Corp.*, No. 14-cv-0650, 2014 WL 12769810, at *6 (D. Nev. Nov. 7, 2014) ("[C]alculation of Slomnitsky's losses under *Dura* . . . indicates that Slomnitsky has

---

*Bus. Servs., Inc.*, No. 14-cv-5884, 2015 WL 791768, at *3 (W.D. Wash. Feb. 25, 2015) ("Courts often consider the following four [*Olsten*] factors to determine which plaintiff has the largest financial interest."); *Cook v. Atossa Genetics, Inc.*, No. 13-cv-1836, 2014 WL 585870, at *3 (W.D. Wash. Feb. 14, 2014) (same); *Ruland v. InfoSonics Corp.*, No. 06-cv-1231, 2006 WL 3746716, at *4 (S.D. Cal. Oct. 23, 2006) ("Many courts apply the following four [*Lax-Olsten*] factors in making the financial interest determination."); *Schonfeld v. Dendreon Corp.*, No. 07-cv-800, 2007 WL 2916533, at *3 (W.D. Wash. Oct. 4, 2007) (court "have generally considered" the *Olsten* factors); *Casden v. HPL Techs., Inc*, No. 02-cv-3510, 2003 WL 27164914, at *3 (N.D. Cal. Sept. 29, 2003) ("[T]he court must consider [the] four [*Olsten-Lax*] factors.").

[5] *See In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999) ("[T]he candidate with the most net shares purchased will normally have the largest potential damage recovery."); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001) ("The Court considers [net shares purchased] the most straightforward method for approximation of financial interest in the recovery sought, but considers that it should be supplemented with in/out losses, i.e., losses suffered by selling shares during the class period.").

[6] *See, e.g.*, *Fitbit*, 2016 WL 2654351, at *3 ("The last of these factors typically carries the most weight.").

---

the largest financial stake in this litigation."); [7] *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101-02 (S.D.N.Y. 2005) (comparing the LIFO and FIFO methodologies). Here, Naj has the largest loss according to the *Dura* methodology and O'Hern has the largest loss according to the LIFO methodology: [8]

| Movant | *Dura* Loss | LIFO Loss [9] |
|---|---|---|
| Greg Naj | **$26,118.68** | $38,291.98 |
| Anthony Evans | $20,697.38 | $38,322.38 |
| Timothy O'Hern | $18,657.91 | **$44,276.43** |
| Douglas Paul | $6,219.30 | $12,950.14 |
| Wrap Investor Group | $712.50 | $4,148.00 |

Since loss can widely vary depending on which methodology is used, courts look to the other three *Olsten-Lax* factors to determine financial interest. *See Pio v. Gen. Motors Co.*, No. 14-cv-11191, 2014 WL 5421230, at *4, *5 (E.D. Mich. Oct. 24, 2014) (since "the fourth factor is heavily dependent on the method applied and numbers chosen to calculate losses," "the first three factors provide the most objective measurement of a movant's stake in the litigation"). Here, there is no dispute that Naj has a larger financial interest than every other movant as measured by the first three *Olsten-Lax* factors:

[Chart on following page]

---

[7] The *Dura* loss calculation was created in response to the Supreme Court's decision in *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005). For each movant, *Dura* loss is calculated by multiplying the number of shares the movant held over a corrective disclosure by the price drop following the corrective disclosure, as bounded by the retained share average price, and then summing the figures up for all three corrective disclosures alleged in this action. Here, the three corrective disclosures and associated price declines are: July 22, 2020 ($0.55); August 25, 2020 ($0.50); and September 23, 2020 ($2.06).

[8] The values in the chart are derived from the movants' loss charts submitted with their lead plaintiff motions.

[9] Here, the LIFO and FIFO methodologies produce the same loss figures.

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure |
|---|---|---|---|
| Greg Naj | **10,204** | **10,204** | **$100,335.86** |
| Anthony Evans | 7,500 | 7,500 | $83,925.00 |
| Timothy O'Hern | 6,000 | 6,000 | $80,760.00 |
| Douglas Paul | 2,000 | 2,000 | $25,102.00 |
| Wrap Investor Group | 540 | 540 | $7,940.00 |

As such, Naj has the largest financial interest in this action.

### 3. Even if the Court Uses the LIFO Methodology to Determine Loss, Naj Still Has the Largest Financial Interest

Courts have found that a movant having a slightly larger loss is not outcome determinative of financial interest.[10] This makes sense since there would be no point in having a four-factor test if only one factor was relevant. As such, even if the Court were to adopt the LIFO loss methodology over the *Dura* loss methodology in this action, Naj would still have a larger financial interest than O'Hern. *See City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.,* No. 17-cv-1958, 2017 WL 6028213, at *3 (N.D. Ohio Dec. 5, 2017) (holding movant with the largest financial interest under the first three factors was the presumptively most adequate plaintiff even though they had an approximately $36,000 smaller loss); *Police & Fire Ret. Sys. of Detroit v. SafeNet, Inc.*, No. 06-cv-5797, 2007 WL 7952453, at *2 (S.D.N.Y. Feb. 21, 2007) (a very slight difference in LIFO loss "cannot dictate such an important result" when the competing movant had more "gross purchases, net purchases, and net funds expended"); *see also In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 403 (S.D.N.Y. 2006) (appointing movant with a 17% smaller loss, stating the losses are "roughly equal"); *Juliar v. Sunopta Inc.*, No. 08-cv-1070, 2009

---

[10] There are cases in which courts appear to rely exclusively on "loss" for their financial interest analyses. However, this is typically because the movant with the largest loss also has the largest financial interest under other factors as well. Moreover, in most cases, unlike here, a competing movant does not have a larger number of net shares, which as discussed above, certain courts have determined is the most important factor.

WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009) (holding that an approximately $30,000 difference on a loss of $210,993 was "minimal").

*    *    *

Accordingly, Naj has the largest financial interest in the relief sought by the class regardless of which loss methodology is used or which factor is given the most weight. Since Naj also satisfies the requirements of Rule 23, and filed a timely motion, Naj is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**C.     The Presumption that Naj Is the Most Adequate Plaintiff Has Not Been Rebutted**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No movant has presented proof that Naj would be inadequate or subject to unique defenses. Moreover, Naj is not aware of any possible basis for such a contention. As such, Naj should be appointed as lead plaintiff, and no other movant is entitled to consideration.

**D.     The Lead Plaintiff's Choice of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). *See also Cavanaugh*, 306 F.3d at 732 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class."). As such, a Court should only interfere with the lead plaintiff's choice of counsel if the choice "is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff." *Id.* at 733.

Here, Naj has selected Glancy Prongay & Murray LLP to be lead counsel. Glancy Prongay & Murray LLP has the expertise, resources, and experience needed

to efficiently and effectively conduct this litigation. *See* Dkt. No. 31-4 (Glancy Prongay & Murray LLP firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Naj's selection of counsel, the Court may be assured that the class will receive the highest caliber of legal representation. Accordingly, Naj's selection of lead counsel for the class should be approved. *See Kinney v. Capstone Turbine Corp.*, No. 15-cv-8914, 2016 WL 5341948, at *4 (C.D. Cal. Feb. 29, 2016) (appointing Glancy Prongay & Murray LLP as lead counsel). !

## III. CONCLUSION

For the foregoing reasons, Naj respectfully requests that the Court enter an Order: (1) appointing Greg Naj as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; (3) denying the competing motions; and (4) granting such other and further relief as the Court may deem just and proper.

DATED:  December 18, 2020                Respectfully submitted,

                                         **GLANCY PRONGAY & MURRAY LLP**

                                         By:  *s/ Charles H. Linehan*
                                         Robert V. Prongay
                                         Charles H. Linehan
                                         Pavithra Rajesh
                                         1925 Century Park East, Suite 2100
                                         Los Angeles, California 90067
                                         Telephone: (310) 201-9150
                                         Facsimile: (310) 201-9160
                                         Email:  clinehan@glancylaw.com

                                         *Counsel for Lead Plaintiff Movant*
                                         *Greg Naj and Proposed Lead Counsel*
                                         *for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz (SBN 216587)
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
Email: fcruz@frankcruzlaw.com

*Additional Counsel*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On December 18, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 18, 2020, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan