Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Lead Plaintiff
Movant Greg Naj*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| In Re Wrap Technologies, Inc. Securities Exchange Act Litigation, | Case No. CV 20-8760-DMG (PVCx)<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF GREG NAJ'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Date:    January 8, 2021<br>Time:    9:30 a.m.<br>Crtrm.:  8C - 8th Floor<br><br>Judge:   Dolly M. Gee |

Lead Plaintiff Movant Greg Naj ("Naj") respectfully submits this reply memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 28, the "Motion").

**I.    INTRODUCTION**

Only Timothy O'Hern ("O'Hern") filed an opposition to Naj's Motion. *See* Dkt. No. 49 ("O'Hern Opp."). In his opposition, O'Hern claims to have a larger financial interest than Naj. He does not. While the Private Securities Litigation Reform Act of 1995 (the "PSLRA") created a presumption that the movant with the "largest financial interest" is the most adequate plaintiff, it did not mandate a particular method for determining financial interest. The Ninth Circuit requires only that courts select "methods that are both rational and consistently applied." *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002).[1] Following the implementation of the PSLRA, however, courts across the country have adopted the four-factor test first set out in *Lax v. First Merchants Acceptance Corp.*, No. 97-cv-2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) to determine financial interest. As the *Lax* court explained:

> The PSLRA does not state how the court should determine who has the largest financial interest, but four factors are surely relevant: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs.

*Id.* at *5.[2] While courts disagree on the relative importance of these four *Lax* factors, courts in this Circuit have not found any one factor to be outcome determinative. In fact, if any one factor were outcome determinative, there would be no reason to apply

[1] Unless otherwise indicated, all emphasis is added, and all internal citations, quotation marks, and brackets are omitted herein.

[2] These factors are also referred to as "*Olsten*" or "*Olsten-Lax*" factors from an Eastern District of New York decision that used them for determining financial interest. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)

a four-factor test.

O'Hern, however, simply assumes in his opposition memorandum that the fourth factor—loss—is the only one the Court should consider, assumes that the last-in-first-out ("LIFO") methodology is the only way to calculate loss, and completely ignores the other three *Lax* factors. O'Hern does this because it is the only way, though legally tenuous, that he can claim to have the largest financial interest.

While O'Hern has a slightly larger loss than Naj calculated according to the LIFO methodology, Naj has a larger loss than O'Hern under the *Dura* methodology. Moreover, Naj has a larger financial interest than O'Hern as measured by each of the other three *Lax* factors. As such, the weight of the *Lax* factors favors Naj and he therefore has the largest financial interest in the relief sought by the class. As such, Naj is the presumptively most adequate plaintiff.

Counsel for O'Hern are aware that he lacks the largest financial interest under the *Lax* factors, so they instead take aim at Naj's name. O'Hern attempts to rebut the presumption that Naj is the most adequate plaintiff by pointing out that Naj's first and last name are "Gregory Najjar" rather than the short versions "Greg Naj." O'Hern, however, provides no authority that using a shorter version of one's name renders a movant inadequate to represent the class. No such authority exists. Moreover, If Naj is inadequate for using a shorter name, O'Hern should concede that he is inadequate for completely failing to provide his middle name. This argument is absurd—it is not for O'Hern to dictate what Naj must call himself, and there is no claim that Naj has made any attempt to hide his full name. To the contrary—he provided it. As such, O'Hern has failed to rebut the presumption that Naj is the most adequate plaintiff, and Naj should be appointed as lead plaintiff.

## II.    NAJ IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF

Naj is the presumptively most adequate plaintiff because he filed a timely motion, has the largest financial interest in the relief sought by the class, and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §

78u-4(a)(3)(B)(iii)(I).

**A. Courts in this Circuit and District Apply the *Lax* Factors to Determine Financial Interest**

"Courts in this District and others within the Ninth Circuit have looked to four factors in making [the financial interest] determination." *McGee v. Am. Oriental Bioengineering, Inc.*, No. 12-cv-5476, 2012 WL 12895668, at *3 (C.D. Cal. Oct. 16, 2012) (identifying the *Lax* factors); *see also Waterford Twp. Police v. Mattel, Inc.*, No. 17-cv-04732, 2017 WL 10667732, at *5 (C.D. Cal. Sept. 29, 2017) (applying the *Lax* factors). The factors are:

> 1) the number of shares purchased by the movant during the Class Period; 2) the number of net shares purchased by the movant during the Class Period; 3) the total net funds expended by the movant during the Class Period; and 4) the approximate losses suffered by the movant.

*McGee*, 2012 WL 12895668, at *3.

O'Hern has already conceded that the *Lax* factors are the best measure of financial interest. In O'Hern's opening memorandum of law in support of his lead plaintiff motion (Dkt. No. 24, "O'Hern Memo"), O'Hern cites only one district-level case regarding the financial interest determination. *See* O'Hern Memo at 5. That case states "[c]ourts have typically considered the 'Olsten-Lax' factors to determine who has the largest financial interest." *Richardson v. TVIA, Inc.*, No. 06-cv-06304, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007) (cited in O'Hern Memo at 5). O'Hern also provides his position with respect to each *Lax* factor in his "loss chart" submitted with his lead plaintiff motion (Dkt. No. 25-3), including shares purchased (6,000), shares retained (*i.e.* net shares) (6,000), net expenditure ($80,760), and loss. Given that O'Hern endorsed the *Lax* factors in his opening papers, he cannot now claim that any other measure of financial interest is more appropriate.

In his opposition memorandum, however, O'Hern ignores the *Lax* factors and instead compares the movants' respective LIFO losses, but provides no authority for the proposition that LIFO loss alone is the best measure of financial interest. *See*

O'Hern Opp. at 2. As such, Naj is unable at this stage to rebut every argument O'Hern may make on reply as to why the Court should ignore the other *Lax* factors. Naj anticipates, however, that counsel for O'Hern will pack several misleading arguments and citations into O'Hern's reply memorandum where Naj will not have an opportunity to respond. For example, there are cases that describe the fourth *Lax* factor as "the most important," *see, e.g.*, *Robb v. Fitbit Inc.*, No. 16-cv-00151, 2016 WL 2654351, at *3 (N.D. Cal. May 10, 2016),[3] or focus on "loss" when no movant contests the other *Lax* factors. However, "most important" does not mean "outcome determinative." This makes sense because if loss, or any other factor, were outcome determinative that would make the factor analysis pointless.

While it is rare for a movant to prevail on the first three *Lax* factors, but not the fourth, courts that have confronted this scenario consistently find the movant that prevails on the first three *Lax* factors to have the largest financial interest. *See City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.,* No. 17-cv-1958, 2017 WL 6028213, at *3 (N.D. Ohio Dec. 5, 2017) (movant that prevailed under the first three factors had the largest financial interest); *Police & Fire Ret. Sys. of Detroit v. SafeNet, Inc.*, No. 06-cv-5797, 2007 WL 7952453, at *2 (S.D.N.Y. Feb. 21, 2007) (same); *Pio v. Gen. Motors Co.*, No. 14-cv-11191, 2014 WL 5421230, at *4 (E.D. Mich. Oct. 24, 2014) (same). O'Hern has not identified any authority to the contrary.

Courts widely apply the *Lax* factors as the proper measure of financial interest, and O'Hern has not presented any reason as to why this Court should depart from the standard. Any new argument from O'Hern on reply that the Court should set aside the *Lax* factors should be rejected. *Feyko v. Yuhe Int'l, Inc.*, No. 11-cv-05511, 2013 WL 816409, at *7 n.4 (C.D. Cal. Mar. 5, 2013) ("[T]he Court need not consider new

---

[3] Other cases deem net shares purchased to be the most determinative of financial interest. *See In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001).

arguments first raised in a reply brief.").

### B.    Naj Has the Largest Financial Interest

The first three *Lax* factors "provide the most objective measurement of a movant's stake in the litigation." *Pio*, 2014 WL 5421230, at *4. And no competing movant contests the fact that Naj prevails on these first three factors:

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure |
|---|---|---|---|
| Greg Naj | **10,204** | **10,204** | **$100,335.86** |
| Anthony Evans | 7,500 | 7,500 | $83,925.00 |
| Timothy O'Hern | 6,000 | 6,000 | $80,760.00 |
| Douglas Paul | 2,000 | 2,000 | $25,102.00 |
| Wrap Investor Group | 540 | 540 | $7,940.00 |

Based on this alone, Naj has the largest financial interest in the relief sought by the class. *See TransDigm*, 2017 WL 6028213, at *3; *SafeNet*, 2007 WL 7952453, at *2; *Pio*, 2014 WL 5421230, at *4.

The final factor (loss) "is heavily dependent on the method applied." *Pio*, 2014 WL 5421230, at *4. Moreover, "the fourth Lax factor is intended to be only an approximation of the losses suffered during the class period by the prospective lead plaintiffs" and "[t]he district courts calculations for purposes of choosing a lead plaintiff are not a final decision on loss calculations or loss causation." *Id.* at 6. Depending on what loss calculation methodology this Court applies, either Naj or O'Hern prevails under the fourth *Lax* factor:

| Movant | *Dura* Loss | LIFO Loss |
|---|---|---|
| Greg Naj | **$26,118.68** | $38,291.98 |
| Anthony Evans | $20,697.38 | $38,322.38 |
| Timothy O'Hern | $18,657.91 | **$44,276.43** |
| Douglas Paul | $6,219.30 | $12,950.14 |
| Wrap Investor Group | $712.50 | $4,148.00 |

In this situation, the first three factors are even more important since there is not a clear winner under the fourth factor. Since Naj prevails under the first three *Lax*

factors, the weight of the *Lax* factors favors Naj regardless of which movant prevails under the fourth *Lax* factor. As such, Naj has the largest financial interest in the relief sought by the class. Since Naj also filed a timely motion and made the required preliminary showing of typicality and adequacy under Rule 23 (*see* Dkt. No. 29 at 7-9), Naj is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## III.    THE PRESUMPTION THAT NAJ IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). "Speculative assertions" are "insufficient to rebut the lead plaintiff presumption." *Network Associates*, 171 F. Supp. 2d at 1054.

Here, O'Hern argues that Naj is inadequate because he identified himself as "Greg Naj" rather than "Gregory Najjar," which is his full first and last name. *See* O'Hern Opp. at 5-6.[4] O'Hern's attack is meritless. There is absolutely nothing nefarious about Naj using a short version of his name. It is the same as using "Matt" for "Matthew" or "Rob" for "Robert." Moreover, Naj identified his full first and last name in the opening paragraph of his opposition memorandum and stated therein that he goes by "Greg Naj." *See* Dkt. No. 50. O'Hern knows "Greg Naj" is short for "Gregory Najjar" because Naj's electronic signature submitted with his certification consists of Naj's full first and last name. *See* Dk. No 31-2. Naj has also submitted a

---

[4] As an initial matter, by making this argument, O'Hern tacitly admits that Naj has a larger financial interest than O'Hern. The PSLRA mandates that the movant with the largest loss be appointed as lead plaintiff so long as he is adequate and typical. As such, there is no reason to attack the adequacy of competing movants if those movants have a smaller financial interest. By attacking Naj, O'Hern tacitly admits Naj has a larger financial interest.

sworn declaration, attached hereto as Exhibit A, stating that his name is Gregory Najjar, but that he goes by "Greg Naj." The declaration also attests to Naj's ability to adequately represent the class.

O'Hern himself, in all likelihood, has a middle name that he failed to provide. If Naj is inadequate for providing the short form of his name, surely O'Hern is inadequate for omitting one of his names entirely. Of course, it is not O'Hern's place to dictate to Naj what Naj can call himself, and vice versa.

Moreover, it is not an "error" that renders a movant "inadequate" to use a short form of one's name (or drop one's middle name). O'Hern relies on two authorities for the proposition that "errors" in a certification render a movant inadequate. *See* O'Hern Opp. at 6. In one, a movant claimed he purchased 2,500 shares at $17.50 per share when in fact the share price closed at only $9.50 that day. *See* O'Hern Opp. at 6 (citing *Nager v. Websecure, Inc.*, No. 97-10662, 1997 WL 773717, at *2 n.1 (D. Mass. Nov. 26, 1997)). In the other, the disqualified movant listed several transaction dates that were "weekends" and there were "prices he claims to have paid [that] d[id] not fall within the high and low range." *See* O'Hern Opp. at 6 (citing *Micholle v. Ophthotech Corporation*, No. 17-cv-210, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018)). These types of errors go to the heart of the movants' financial interests in the action. A movant electing to use a shorter version of his name is not at all comparable.

O'Hern does not identify any authority for the proposition that using a shorter version of one's name renders a movant inadequate—because it would be absurd. As such, O'Hern has failed to rebut the presumption that Naj is the most adequate plaintiff.

*          *          *

Since Naj is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Naj should be appointed as lead plaintiff, and no other movant is entitled to consideration.

## IV.   CONCLUSION

For the foregoing reasons, Naj respectfully requests that the Court enter an Order: (1) appointing Greg Naj as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED:  December 24, 2020                    Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Charles H. Linehan*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Greg Naj and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz (SBN 216587)
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
Email: fcruz@frankcruzlaw.com

*Additional Counsel*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On December 24, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 24, 2020, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan