Scott S. Humphreys (SBN 298021)
M. Norman Goldberger (*pro hac vice*)
Kahlil C. Williams (*pro hac vice*)
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, California 90067
Telephone: 424.204.4400
Facsimile: 424.204.4350
Email:  humphreyss@ballardspahr.com

1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500
Facsimile: 215.864.8999
Email:  goldbergerm@ballardspahr.com
         williamskc@ballardspahr.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WRAP TECHNOLOGIES, INC. SECURITIES EXCHANGE ACT LITIGATION | Case No. 2:20-CV-8760-DMG (PVCx) |
| | **REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT** |
| | Hearing: |
| | Judge:   Hon. Dolly M. Gee |
| | Date:    Friday, July 23, 2021 |
| | Time:    9:30 a.m. |
| | Place:   Courtroom 8C |

1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

In connection with their concurrently filed Motion to Dismiss the Amended Class Action Complaint ("Complaint"), Defendants Wrap Technologies, Inc. ("Wrap"), David Norris, James Barnes, Thomas A. Smith, Mike Rothans, and Marc Thomas (collectively, "Defendants") respectfully requests that the Court consider the documents attached as exhibits to the Declaration of Kahlil C. Williams, each of which are incorporated by reference in the Complaint and/or are subject to judicial notice.

As set forth below, the Court may consider each of these exhibits in considering the motion to dismiss because the documents are necessarily relied upon in the complaint, and/or because they are public filings of undisputed authenticity. *Poisson v. Aetna Life Ins. Co.*, No. 20-cv-1030-JVS-(DFMx), 2020 U.S. Dist. LEXIS 177216 at \*5–6 (C.D. Cal. Sep. 21, 2020) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) and *United States v. Corinthian Colls.*, 655 F.3d 984, 989–99 (9th Cir. 2011)).

**Exhibits 2, 4, and 7-9 Are Incorporated By Reference**

The Court many consider Exhibits 2, 4, 7, 8, and 9 because their contents are referenced and alleged throughout the Complaint, and form the basis of Plaintiff's claims, though the documents are not attached to the pleadings. *See Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (noting that a court may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading) (quotations omitted). The Court is permitted to consider the entirety of these documents, and not merely the portions of the documents on which Plaintiff relies. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). Indeed, the Supreme Court has explicitly noted the importance of considering these materials in evaluating a securities complaint. *Diaz v. Northern Dynasty Minerals, Ltd.*, No. 17-cv-1241 PSG (SSx), 2019 U.S. Dist. LEXIS 73033,

at * 9 (C.D. Cal. Feb. 22, 2019) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

These exhibits are incorporated by reference in the Complaint as follows[1]:

| Exhibit 2 (LAPD BolaWrap Report) | Compl. ¶¶10-12, 14, 46-55,62-63. |
|---|---|
| Exhibit 4 (April 29, 2020 Earnings Call Transcript) | Compl. ¶¶ 8-9, 12, 43-46, 51-53, 57-63, 78-81. |
| Exhibit 7 (Aug. 25, 2020 *Los Angeles Daily News Article*) | Compl. ¶¶ 49-50. |
| Exhibit 8 (Aug. 25, 2020 *Los Angeles Times Article*) | Compl. ¶¶ 49-50. |
| Exhibit 9 (Sep. 23, 2020 *Seeking Alpha Post*) | Compl. ¶¶ 14-15, 54-56. |

**Exhibits 1, 3, and 5-6 Are Subject to Judicial Notice**

The remaining exhibits are also subject to judicial notice.

Exhibit 1 (Wrap's 2021 10-K) and Exhibit 5 (Wrap's 2020 Proxy Statement) are both documents that have been publicly filed with the SEC, which are routinely noticed by this Court. *See, e.g., Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 U.S. Dist. LEXIS 52776, at *47-48 (C.D. Cal. Apr. 14, 2015 (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008)); *In re New Century*, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008) ("It is well-established that courts may take judicial notice of SEC filings.").

Similarly, Exhibit 3 (California Stay-at-Home Order) and Exhibit 6

---

[1] Alternatively, courts often take judicial notice of these types of documents, and the Court may do so here. *See Ardolino v. MannKind Corp.*, No. 16-cv-00348-RGK(GJS), 2016 U.S. Dist. LEXIS 189690, at *11 (C.D. Cal. Aug. 23, 2016) ("Federal courts routinely take judicial notice of press releases, news articles, SEC filings, and conference call transcripts cited in securities complaints.").

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

(Meeting Agenda for LAPD Commission Meeting) are each "publicly available government records" that are subject to judicial notice because they are not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. *Prime Healthcare Servs. v. Harris*, 216 F. Supp.3d 1096, 1104 n.11 (S.D. Cal. 2016); *Siebert v. Gene Sec. Network*, 75 F. Supp. 3d 1108, 1111 n.2 (N.D. Cal. 2014).

Respectfully submitted,

Dated:  April 26, 2021                      **BALLARD SPAHR LLP**


By:  */s/ Scott S. Humphreys*
        Scott S. Humphreys
        M. Norman Goldberger (*pro hac vice*)
        Kahlil C. Williams (*pro hac vice*)

        *Attorneys for Defendants*

4

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT